**Ahmed MASOOD; Shamsuda Begum, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70803.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2011.*

Filed April 12, 2011.

Angela Mary Bean, Jesse Lloyd, Angela M. Bean & Associates, Oakland, CA, for Petitioners.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, James Arthur Hunolt, Senior Litigation Counsel, Trish Maskew, Esquire, Erica Miles, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Ahmed Masood and Shamsuda Begum, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed more than five years after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2),

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and petitioners failed to demonstrate changed circumstances in Bangladesh to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions), and petitioners do not challenge the BIA's determination that they are not entitled to equitable tolling.

Contrary to petitioners' contention, the BIA adequately considered the evidence presented with the motion to reopen. *See Najmabadi v. Holder,* 597 F.3d 983, 990–91 (9th Cir.2010) (BIA must consider issues raised and announce its decision in a manner sufficient for reviewing court to perceive that it has heard and thought and not merely reacted).

**PETITION FOR REVIEW DENIED.**